UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PATRYK WILK, PAWEL KOTWICA, PAWEL
WIACEK, TOMASZ WISLOCKI AND FELIX LEWIS,
individually and on behalf of all other persons similarly
situated,

**MEMORANDUM AND
ORDER**

Plaintiffs,

-against-

23-CV-6945
(Morrison, J.)
(Marutollo, M.J.)

QUALITY INSTALLATIONS OF NY, INC., QUALITY
INSTALLATIONS OF NEW YORK 2, INC., EAST
COAST OFFICE FURNITURE INC., ANTONY
PERLICKI, DANIEL PERLICKI, MAREK BABULA,
ANNA     PERLICKA,     GRZEGORZ     NOWAK,
GRZEGORZ ZUBER, SEBASTIAN PLOSZEJ, PIOTR
MILEWKI,    RONALD    RAMCHARRAN,    RACH
KLEPADLO, and SYLVESTER SADOWSKI,

Defendants.

------------------------------------------------------------------------x
**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiffs Patryk Wilk, Pawel Kotwica, Pawel Wiacek, Tomaz Wislocki, and Felix Lewis—

on behalf of themselves and all other persons similarly situated—commenced this action on

September 19, 2023, alleging that their former employers, defendants Quality Installations of NY,

Inc.; Quality Installations of New York 2, Inc.; and East Coast Office Furniture Inc. (together,

"Corporate Defendants"), along with individually-named defendants Antony Perlicki, Daniel

Perlicki, Marek Babula, Anna Perlicka, Grzegorz Nowak, Grzegorz Zuber, Sebastian Ploszej, Piotr

Milewki, Ronald Ramcharran, Rach Klepadlo, and Sylvester Sadowski (collectively,

"Defendants"), failed to pay them regular wages and overtime wages for work performed in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor

Law ("NYLL") §§ 650 *et seq.*, and failed to provide them with wage statements and notices in

violation of NYLL §§ 194(4), 195(3) and New York State Department of Labor Regulations §

142-2 *et seq.  See generally*, Amended Complaint, Dkt. No. 47.  Plaintiffs also bring breach of contract and quantum meruit claims.  *Id.*

Currently pending before this Court, on a referral from the Honorable Nina R. Morrison, United States District Judge, is Plaintiffs' motion[1] seeking, pursuant to 29 U.S.C. § 216(b), (1) conditional certification as an FLSA collective action; (2) court-authorized notice pursuant; and (3) expedited discovery.  *See* Dkt. No. 40; *see also* February 2, 2024 Referral Order.

For the reasons stated below, the Court **grants in part** and **denies in part** Plaintiffs' motion.[2]

I.   **Background**

The Complaint, Amended Complaint, and the Declarations filed by the individually named Plaintiffs establish the following relevant facts, which are taken as true only for the purposes of this motion.  *See Jun Hua Yang*,  2019 WL 2166686, at *3.

The Corporate Defendants are New York corporations engaged in the business of carpentry, construction services, and office furniture installation.  *See* Am. Compl., Dkt. No. 47, at ¶¶ 12-14, 35-36.  Plaintiffs were hired by the Defendants to work as "drivers and furniture installers."  *Id.*  at 37.  As part of their duties, Plaintiffs agreed to be transported to various project

---

[1] The docketed motion is styled as "First Motion to Certify FLSA Collective Action."

[2] Federal law permits "a magistrate judge to hear and determine any pretrial matter pending before the court," 28 U.S.C. § 636(b)(1)(A), including a motion for conditional certification of a collective action, which is only a "preliminary determination" and not dispositive.  *See Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 265-67 (E.D.N.Y. 2005); *see, e.g., Bliss v. Patterson*, No. 19-CV-353 (LDH) (AYS), 2022 WL 523547, at *3 (E.D.N.Y. Feb. 22, 2022) (same); *Jian Guo Yang v. Zhou's Yummy Rest., Inc.*, No. 19-CV-5203-CBA-SJB, 2020 WL 2738403, at *1 (E.D.N.Y. Apr. 28, 2020) (same); *Jun Hua Yang v. Rainbow Nails Salon IV Inc.*, No. 18-CV-4970 (DLI) (SJB), 2019 WL 2166686, at *1 (E.D.N.Y. May 16, 2019) (same); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383–84 (E.D.N.Y. 2010) (Hurley, J.) (collecting cases).

worksites—a task centrally-coordinated by several of the individually-named Defendants. *See* Declaration of Patryk Wilk ("Wilk Decl."), attached to Plaintiffs' Mot. in Supp. of Conditional Class Cert. ("Plaintiffs' Mot."), Dkt. No. 40-5, at ¶¶ 1-7; Declaration of Pawel Kotwica ("Kotwica Decl."), attached to Plaintiffs' Mot., Dkt. No. 40-6, at ¶¶ 1-6; Declaration of Tomasz Wislocki ("Wislocki Decl."), attached to Plaintiffs' Mot., Dkt. No. 40-8, at ¶¶ 1-4; Declaration of Pawel Wiacek ("Wiacek Decl."), attached Plaintiffs' Mot., Dkt. No. 40-7, at ¶¶ 1-4.

But, as Plaintiffs allege, Defendants often failed to pay Plaintiffs an hourly wage for travel time to and from the worksite. Plaintiffs' Mem. of Law in Supp. of Conditional Class Certification ("Plaintiffs' Brief"), Dkt. No. 41, at 5. Further, whenever payment was remitted, such payments were often paid at a lower rate and never include an overtime rate of pay. *Id.* Given that the ability to report to various jobsites had been enshrined in each Plaintiffs' job responsibilities, Plaintiffs' further assert that they were not compensated for the spent "waiting to be engaged." *Id.* at 6.

Plaintiffs seek conditional certification of a collective class of "furniture installers and drivers who were and are currently employed by [the] Corporate Defendants at any time between September 19, 2017 through the present." Plaintiffs' Reply in Support of Conditional Cert., Dkt. No. 51, at 5. As part of their motion, Plaintiffs file a Proposed Notice, Proposed Consent to Join Form, and Proposed Reminder Notice. *See* Dkt. No. 40-2, 40-3, 40-4.

The Court notes, however, that Plaintiffs' representations of the time period at issue for the collective class has been inconsistent. In Plaintiffs' Notice of Motion, the proposed collective class is made up of "all individuals employed by the Corporate Defendants at any time from *November 13, 2014* through the present." Dkt. No. 40, ¶ 2 (emphasis added). The same filing also identified the collective class to be made up of "all individuals employed by the Corporate

Defendants at any time from *September 19, 2017* through the present." Dkt. No. 40, at ¶ 3 (emphasis added).  Plaintiffs' opening brief describes the collective class as one composed of "all similarly situated manual workers who performed work for Defendants and did not receive overtime compensation for all hours worked over forty (40) [hours] in any given week."  Plaintiffs' Brief, at 8.  In another section, Plaintiffs describe the class as "all of Defendants' employees who worked for the Corporate Defendants between September 19, 2017 and the present."  *Id.* at 10. But on the next page, Plaintiffs seek identifying information for "all individuals employed by the Corporate Defendant at any time from *July 14, 2015*, through the present."  *Id.* at 11 (emphasis added).  Plaintiffs' Proposed Notice describes the class as one made up of "driver[s], carpenter[s], and/or furniture installation/construction worker[s] for [Corporate Defendants], at any time between September 19, 2017 through the present."  Dkt. No. 40-2.  Conversely, Plaintiffs' Proposed Reminder notice simply describes a class member as an individual who worked for the Corporate Defendants "at any time between September 19, 2017 through the present."  Dkt. No. 40-4.

In their Opposition, Defendants aptly note these inconsistencies.  Dkt. No. 50, at 11.  In their reply, Plaintiffs appear to clarify they seek to conditionally certify a collective class composed of "furniture installers and drivers who were and are currently employed by Corporate Defendants at any time between *September 19, 2017* through the present"—as outlined the Proposed Notice at Dkt. No. 40-1.  Plaintiffs' Reply, at 5, 8, 12, 15.

Plaintiffs also ask the Court to adopt its Proposed Notices and to enter an order (1) requiring Defendants to disclose, in a computer readable format, the names, dates of employment, locations of employment, positions held, last known addresses, email addresses, social security numbers, and dates of birth of the collective action members within fourteen days of order and (2)

authorizing Plaintiffs to send the Notice and Consent Forms by first-class mail and email to the collective action members.  Dkt. No. 40.  Defendants oppose Plaintiffs motion for conditional class certification—arguing, in part, that Plaintiffs failed to meet its "admittedly modest" burden at this stage.  *See* Dkt. No. 50, at 7.  In the alternative, Defendants argue that the Court should limit the scope of the information sought by Plaintiffs as overbroad.  *Id.* at 11-14.

## II.   <u>Legal Standard</u>

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  *Carabajo v. APCO Insulation Co. Inc.*, No. 22-CV-04175 (PKC) (SJB), 2023 WL 3931618, at *3 (E.D.N.Y. June 9, 2023) (quoting 29 U.S.C. § 202(a)).  The statute requires employers to pay employees an overtime rate for time worked more than 40 hours in a given work week of "not less than one and one-half times the regular rate at which [they are] employed." *Id*. § 207.  Section 216(b) of the FLSA provides a private right of action to an employee to recover overtime compensation from an employer who violates the Act's provisions.  *Carabajo*, 2023 WL 3931618, at *3.

Under the FLSA, plaintiffs may proceed "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  This is known as a "collective action." *See Myers v. Hertz Corp.*, 624 F.3d 537, 543 (2d Cir. 2010).  "A collective action under the FLSA differs from the typical class action under Rule 23 because a party seeking conditional certification of a collective action need not demonstrate the Rule 23 requirements of numerosity, commonality, typicality, and adequacy of representation."  *Aleman-Valdivia v. Top Dog Plumbing & Heating Corp.*, No. 20-CV-421 (LDH) (MMH), 2021 WL 4502479, at *2 (E.D.N.Y. Sept. 30, 2021) (internal citations omitted).  Additionally, unlike under a Fed. R. Civ. P. 23 class, members of an

FLSA collective action must affirmatively "opt in" to the action.  *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) ("Under the FLSA[,] 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees . . .") (internal citations omitted); *Carabajo*, 2023 WL 3931618, at *3 (explaining that in a collective action, to join the suit, a person must "give[ ] [their] consent in writing to become such a party" and file that consent "in the court in which such action is brought." ).

Courts in the Second Circuit apply a two-step test to determine whether to approve a "collective action" under the FLSA.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).  The first step involves "an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.  The first step, generally termed as "conditional certification,"[3] which is at issue here, "generally takes place before any significant discovery"; certification imposes merely a "minimal burden" on the plaintiff and is satisfied by a showing that the purported class members are "similarly situated."  *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014) (Brown, J.).  The analysis requires a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the

---

[3] As the Second Circuit noted in *Myers*, "while courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power, upheld in [*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)], to facilitate the sending of notice to potential class members. Section 216(b) does not by its terms require any such device, and nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice described in *Hoffmann-La Roche* has not been sent, so long as such plaintiffs are 'similarly situated' to the named individual plaintiff who brought the action."  *Myers*, 624 F.3d at 555.  "Thus 'certification' is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful 'case management' tool for district courts to employ in 'appropriate cases.'"  *Id.* (citing *Hoffmann-La Roche*, 493 U.S. at 169, 174).

law." *Myers*, 624 F.3d at 555 (internal quotation marks omitted).  If the Court grants conditional certification to proceed as a collective action, putative collective action members may "opt in" to the action.  *Rafter v. Everlast Sign & Serv. Inc.*, No. 21-CV-4588 (NRM) (LGD), 2023 WL 7687261, at *4 (E.D.N.Y. Apr. 13, 2023).

"The second step of the collective action inquiry typically follows the completion of discovery and requires the court to examine the evidentiary record to determine whether the opt-in plaintiffs are, in fact, similarly situated." *Aleman-Valdivia*, 2021 WL 4502479, at *2 (citing *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)); *see also Myers*, 624 F.3d at 555 (explaining that the second step involves an evaluation "on a fuller record . . . whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs."). If the court determines that the opt-in plaintiffs are not in fact similarly situated, the class is decertified, and the opt-in plaintiffs' claims are dismissed without prejudice.  *Aleman-Valdivia*, 2021 WL 4502479, at *2 (citations omitted).

"In considering the first step, Plaintiffs must make 'a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" *Hunter v. Next Level Burger Co., Inc.*, No. 23-CV-03483 (HG), 2024 WL 686929, at *2 (E.D.N.Y. Feb. 20, 2024) (quoting *Myers*, 624 F.3d at 555).  Plaintiffs are "not required to show an actual FLSA violation at this stage, but rather only that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." *Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 459 (E.D.N.Y. 2012) (internal quotation marks omitted).  "In making this showing, nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan is required." *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 317 (E.D.N.Y. 2016) (internal citations omitted).  Documents that may be considered to

7

establish such a showing include "plaintiffs' own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Chicas v. Kelco Constr., Inc.*, No. 21-CV-09014 (PAE) (SDA), 2023 WL 2072026, at *2-3 (S.D.N.Y. Feb. 19, 2023).

"When applying this lenient evidentiary standard, a court evaluates pleadings and affidavits, but does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Singh v. Anmol Food Mart, Inc.*, No. 22-CV-5475 (RER) (JAM), 2024 WL 308241, at *2 (E.D.N.Y. Jan. 26, 2024); *see also Lynch v. U.S. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."). "[T]he focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." *Romero v. La Revise Assocs., LLC*, 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013). In determining whether members of an action are similarly situated, "district courts typically review several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 367 (S.D.N.Y. 2014) (citation omitted).

## III.   Discussion

### A.   Conditional FLSA Collective Certification is Warranted

Plaintiffs have met their minimal burden of showing that the potential opt-in class members are similarly situated for the purposes of conditional certification. *Jenkins v. TJX Companies Inc.*,

853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012).

At the first step of the collective action process, while the burden is minimal, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.) ("[T]he purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist."). Key to this showing is whether Plaintiffs "provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." *Carabajo*, 2023 WL 3931618, at *3 (quoting *Qing Gu v. T.C. Chikurin, Inc*., No. 13-CV-2322, 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014)). At the conditional certification stage, "the burden is so low that even one or two affidavits establishing the common plan may suffice." *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445-46 (S.D.N.Y. 2013).

Plaintiffs have made a sufficient showing here for conditional certification. Plaintiffs seek conditional certification of a collective class of "furniture installers and drivers who were and are currently employed by [the] Corporate Defendants at any time between September 19, 2017, through the present." Plaintiffs' Reply in Support of Conditional Cert., Dkt. No. 51, at 5. Plaintiffs have established that while employed by the Corporate Defendants, Plaintiffs and other similarly situated employees were subject to a policy that runs afoul of the FLSA: the practice of not paying for all hours worked—including overtime—when (i) workers were waiting to be engaged (Plaintiffs' Brief, at 6), (ii) workers were being transported to work sites (*Id.* at 5; Wilk Decl. ¶¶ 6-7; Kotwica Decl. ¶ 9, 11 ["[a]pproximately eight [] other employees were in the same position as me with respect to payment of wages"], 12; Wiacek Decl. ¶ 29), (iii) workers performed the

9

work as contractually-obliged to do so.  *See* Plaintiffs' Brief, at 8.[4]

Further, the individually named Plaintiffs provided numerous examples of specific "jobs" for which they were not adequately compensated.  For example, Plaintiff Patryk Wilk notes that, "on or about February 2023", he was transported at 6:30 AM via company van to a worksite located in White Plains, New York.  Wilk Decl. ¶ 9.  Mr. Wilk notes that "four other employees who worked with [him] on this job were in the same exact position as [him] and were subject to the same underpayment."  *Id.*  In another example, Mr. Wilk specifically names another employee—Dominik Zak—who was allegedly severely underpaid by Defendants for work performed.  *Id.* at ¶ 20.  Such payments also omitted "travel time to and from the project worksite and [Corporate Defendants'] place of business."  *Id.*  In another example, Plaintiff Tomasz Wislocki observed that he and other employees were paid with both cash or check but never with overtime wages—noting that "[t]his was typical for other employees with whom I worked."  Wislocki Decl. ¶ 6-7.  Plaintiffs' individual declarations provide additional examples (most of them labelled with specific dates and location) of instances where numerous employees purportedly fell victim to Defendants' wage and hour violations.

Defendants, in their opposition, argue that Plaintiffs' representations are conclusory assertions insufficient to warrant conditional certification.  Defendants' Opp., at 5.  Specifically, Defendants argue that Plaintiffs' declarations "about the employees with which Plaintiffs allegedly

---

[4] The FLSA requires employers to pay employees for all time worked.  *See* 29 U.S.C. § 207; 29 C.F.R. § 778.223(a) (stating that "hours worked" under § 207 "include: (1) [a]ll time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace; and (2) [a]ll time during which an employee is suffered or permitted to work whether or not he is required to do so").  In addition, the FLSA requires employers to pay an overtime rate of "not less than one and one-half times the regular rate at which [they are] employed."  29 U.S.C. § 207(a).  Additionally, the FLSA requires that employees be paid at least a minimum hourly rate.  *Id.* § 206(a)(1).

spoke, including their names, job duties, rates of pay, hours worked, payments received, whether these unnamed employees were even entitled to be paid overtime, or when or where these purported conversations occurred.  *Id.* at 9.  In support, Defendants provide a list of cases purportedly suggesting that Plaintiffs' representations are insufficient.  *Id.*

The cases cited by Defendants, however, are inapposite and distinguishable from the facts in this case.  *See, e.g., Qing Gu v. T.C. Chikurin, Inc.*, No. 13-CV-2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) ("Plaintiffs fail to provide any factual detail about the other employees, such as names of fellow employees whom they observed or with whom and when they had conversations about not receiving minimum wage or overtime compensation.  Nor do they identify the job titles or duties performed by their fellow employees."); *Reyes v. Nidaja, LLC*, No. 14-CV-9812 (RWS), 2015 WL 4622587 (S.D.N.Y. Aug. 3, 2015) (denying certification where plaintiff did not "identify any of the other employees by name[,] indicate the time or circumstances surrounding his observations", or "state that he had conversations with any other employee regarding their [sic] treatment, pay, job duties, or responsibilities"); *Ladino v. Ridgewood Ale House Inc.*, 598 F. Supp. 3d 53, 59-60 (E.D.N.Y. 2022) (denying a motion for certification following ample discovery on the basis that plaintiff failed to show that he and other employees were victims of a common policy or plan that violates the FLSA)[5]; *Kim v. New York Meat, Inc.*, No. 21-CV-1422 (ENV) (RER), 2022 WL 1213326 (E.D.N.Y. Apr. 25, 2022) (denying a motion for certification as plaintiff's statement "I know the company had the same pay policy of paying the employee not all the hours worked by the employees and it was not just my department but

---

[5] *Ladino* is also easily distinguishable on the fact that the burden heightens once a plaintiff seeking certification has had the benefit of discovery.  *See Myers*, 624 F.3d at 555 (explaining that after discovery has been completed, courts should engage in a second and more heightened stage of scrutiny to determine whether the case should proceed to trial as a collective action or the class should be decertified.).

throughout the company, they applied the same such policy to its employees" is not enough to show that other employees were similarly situated.)[6]; *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (granting a certification of a class of delivery workers as similarly situated to plaintiff—also a delivery worker—but denying certification of a broader class of chefs, waiters, kitchen workers, dishwashers); *Sanchez v. JMP Ventures, L.L.C.*, No. 13-CIV-7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff does not, however, provide *any* detail as to a *single* such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.") (emphasis in original).

Contrary to the cases cited by Defendants, Plaintiffs provide ample details about their observations of similarly situated employees, including (whenever possible), approximate dates, locations, work site at issue, wage miscalculation at issue, hours worked, and method of transportations.  In some instances, Plaintiffs even produce transcription of text messages which included the date, projected work site, reporting time, and *even* the list of the individuals to be transported to the sites along with the individual Plaintiff.  *See e.g.*, Kotwica Decl. at ¶ 13 (purporting to list Plaintiff's name and "other similarly situated employees.").  Further, the Court also notes that four of the Plaintiffs submitted declarations based on their personal observations that corroborate each other's allegations.

In any event, contrary to Defendants' assertions, Plaintiffs are not required to specifically state that a detailed conversation took place between specific employees in order to meet their

---

[6] The court in *Kim* also found that "the details provided are so scarce that Plaintiff has not even provided his own wage information, pay amount, rate of pay or pay schedule, and has not named a single other employee." *Kim*, 2022 WL 1213326, at *4.

burden. *See Hunter*, 2024 WL 686929, at *2 (finding that a plaintiff's supported and corroborated observations were sufficient at the first state of conditional certification). To conditionally certify a collective action, "the burden is so low that even one or two affidavits establishing the common plan may suffice." *Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445–46 (S.D.N.Y. 2013). This is true even when the declarations are "somewhat thin on details." *Lubas v. JLS Grp., Inc.*, No. 18-CV-6611 (KAM) (SJB), 2020 WL 4210754, at *7 (E.D.N.Y. July 22, 2020) ("such proof is sufficient to meet the low factual threshold for FLSA collective certification"); *see also Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272 (KAM)(SJB), 2018 WL 5024170, at *9, *14 (E.D.N.Y. Oct. 5, 2018) (granting motion for conditional certification where there were multiple affidavits corroborating plaintiffs' statements even though the factual record proffered was "ultimately quite thin on facts"). Courts in this Circuit have conditionally certified FLSA collectives based only on a plaintiff's detailed affidavit about his working conditions and those of his colleagues. *Miranda v. Gen. Auto Body Works, Inc.*, No. 17-CV-4116 (AMD) (RER), 2017 WL 4712218, at *2 (E.D.N.Y. Oct. 18, 2017) ("[T]here are numerous examples of courts in this Circuit granting conditional certification based on the pleadings and a single affidavit by the plaintiff."); *Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit.") (collecting cases); *see also Yi Mei Ke v. JR Sushi 2 Inc.*, No. 19-CV-7332 (PAE) (BCM), 2021 WL 148751, at *8 (S.D.N.Y. Jan. 15, 2021) (certifying collective based on plaintiff's two affidavits that "adequately described conversations with other employees of JR Sushi concerning their wages"), *aff'd*, 2021 WL 465359, at *3 (Feb. 9, 2021).

13

"Because the standard at the first stage is 'fairly lenient,' courts applying it 'typically grant[] conditional certification.'" *Amador v. Morgan Stanley & Co.*, No. 11-CV-4326 (RJS), 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013) (alteration in original) (quoting *Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09-CV-332 (CM), 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009)).  Because Plaintiffs have made the requisite initial showing, they are entitled to conditional certification, and a court may "authorize a[ ] FLSA plaintiff to provide written notice to potential plaintiffs of their right to join in the action." *Gortat v. Capala Bros.*, No. 07-CV-3629, 2009 WL 3347091, at *8 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted*, 2010 WL 1423018, at *1 (Apr. 9, 2010), *aff'd*, 568 F. App'x 78, 79 (2d Cir. 2014).

Therefore, the Court finds that Plaintiffs have met their burden to demonstrate that putative collective action members are similarly situated, and orders the conditional certification of the collective FLSA action.

**B.    Notice Period**

Plaintiffs' Notice of Motion requests that the Court authorize "the distribution of a Notice and Reminder Notice by first-class mail and email to all individuals employed by the Corporate Defendants at any time from November 13, 2014 through the present and permitting a sixty-day opt-in period." Dkt. No. 40, at ¶ 2.  But, as noted above, Plaintiffs' Reply clarifies that Plaintiffs instead seek authorization to distribute Notice and Reminder Notice to "furniture installers and drivers who were and are currently employed by [the] Corporate Defendants at any time between September 19, 2017 through the present." Plaintiffs' Reply, at 5.  Defendants raise no issue as to the distribution of the Proposed Notice.  The Court orders that Plaintiffs' request be granted in part and denied in part.

Although § 216(b) does not "expressly provide for court-authorized notice to potential opt-in plaintiffs in a collective action, 'it is well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice." *Damassia v. Duane Reade, Inc.*, No. 04-CV-8819 (GEL), 2006 WL 2853971, at *2 (S.D.N.Y. Oct. 5, 2006) (quoting *Hoffmann*, 982 F. Supp. at 260).  The FLSA, however, does not contain a certification requirement; "[o]rders authorizing notice are often referred to as order 'certifying' a collective class." *Id*. at 2 (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)).  District "courts maintain discretion to craft appropriate notices that effectuate the overarching policies of the collective suit provisions and provide employees with accurate and timely notice concerning the pendency of the action, so that they can make informed decisions about whether to participate." *Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360 (RRM) (LB), 2012 WL 4369746, at *6 (E.D.N.Y. 2012) (internal quotation marks omitted) (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).

Plaintiffs seek authorization to distribute Notices and Reminder Notices to "furniture installers and drivers who were and are currently employed by [the] Corporate Defendants at any time between September 19, 2017 through the present."  Dkt. No. 40.  While the Court grants Plaintiffs' request to distribute Notices and Reminder Notices to furniture installers and drivers who were and are currently employed by the Corporate Defendants, the Court declines to grant the nearly seven-year notice period requested.  Plaintiffs offer no argument as to why such a period is appropriate.

The statute of limitations for a FLSA violation is two years, except when the violations are willful, in which case the statute of limitations is extended to three years. 29 U.S.C. § 255(a).  Plaintiffs allege willful conduct against Defendants.  *See, e.g.,* Amended Complaint ¶¶ 242-44.  "At the conditional certification stage, allegations of willful conduct are sufficient to apply the

three-year statute of limitations for purposes of certifying the class." *Jie Zhang v. Wen Mei, Inc.*, No. 14-CV-1647 (JS) (SIL), 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015); *see also Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 n. 2 (E.D.N.Y. 2005) (finding allegation of willful violation justified notice based on a three-year statute of limitations period). "As the Complaint contains allegations of willful conduct by Defendants, the Court finds it appropriate to apply the three-year statute of limitations under the FLSA at this stage of the proceedings." *Valerio v. RNC Indus.*, LLC, 314 F.R.D. 61, 74 (E.D.N.Y. 2016).

Indeed, the Court notes that the recent trend "is to 'approve three-year notice periods to avoid the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred.'" *Gurrieri v. County of Nassau*, No. 16-CV-6983 (ADS) (SIL), 2019 WL 2233830, at *8 (E.D.N.Y. May 23, 2019) (quoting *Mongiove v. Nate's Corp.*, No. 15-CV-1024 (NGG) (RML), 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016)); *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011) ("[W]hile '[n]otice to all former employees, going back six years, has been authorized where plaintiffs seek relief under both the FLSA and the New York Labor Law,' the growing trend in this district appears to be limiting the notice period to three years." (citations omitted)).  As some district courts have noted, "[i]t would be confusing to employees who are ineligible for the FLSA opt-in [collective] to receive the opt-in notice, which does not relate to any state law claims.  Further, while a class for the state law claims may someday be certified, it is an opt-out, not an opt-in, class, so there is no danger of claim lapse." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013).As to whether a two-year or three-year notice should apply under FLSA, "at the conditional certification stage, a plaintiff need not provide evidence sufficient to establish willfulness in order for the three-year

16

period to be utilized for notification purposes." *Slamna v. API Rest. Corp.*, No. 12-CV-757, 2013 WL 3340290, at *4 (S.D.N.Y. July 2, 2013). "If appropriate, this Court can revisit any statute of limitations questions at a later stage." *Raimundi v. Astellas U.S. LLC*, No. 10-CV-5240, 2011 WL 5117030, at *2 (S.D.N.Y. Oct. 27, 2011). As a result, at this stage, it is appropriate to permit conditional certification for a three-year period. Should Plaintiffs fail to demonstrate that Defendants acted willfully, employee claims can be limited.

The three-year period solely for notice purposes should commence from the date of the filing of the Complaint looking backwards and not the date of this Court's order through the present. *See*, *e.g.*, *Raimundi*, 2011 WL 5117030, at *2 (granting a notice period from three years prior to the filing of the complaint through the entry of the Court's order granting conditional certification); *Lubas v. JLS Grp., Inc.*, 2020 WL 4210754, at *12 (same); *Carabajo*, 2023 WL 3931618, at *9 (same).

Accordingly, the Court orders that the periods set forth in the Notice and Reminder Notice shall be for furniture installers and drivers who were and are currently employed by the Corporate Defendants at any time between September 19, 2020 (three years prior to the filing of the Complaint in this action) through the present.

### C. The Proposed Notice

Plaintiffs have provided a proposed Notice for the Court's review and endorsement. Dkt. No. 40-2. "Courts have broad discretion to craft appropriate notices that effectuate the overarching policies of the collective suit provisions and provide employees with accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hunter*, 2024 WL 686929, at *3 (quoting *Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360, 2012 WL 4369746, at *6 (E.D.N.Y. Sept. 24, 2012)). The Court hereby

17

adopts Plaintiffs' proposed Notice, subject to the modifications outlined below.

### i.      Employees Covered

For the reasons set forth above, Plaintiffs shall modify the Proposed Notice to reflect that the covered employees are furniture installers and drivers.  As Defendants correctly note, the allegations set forth in the Amended Complaint expressly alleges that "[a]ll Plaintiffs were employed as drivers and furniture installers by Defendants."  Amended Complaint ¶ 37.

### ii.     Notice Period

For the reasons set forth above, Plaintiffs shall modify the Proposed Notice to limit the dates to which furniture installers and drivers were or are currently employed by the Corporate Defendants to any time between September 19, 2020 through the present.

### iii.    Defense Counsel's Contact Information and Defendant's View of the Case

Plaintiffs shall modify the Proposed Notice to include Defense Counsel's contact information and Defendants' view of the case.  *See, e.g., Nyarko v. M&A Projects Restoration Inc.*, No. 18-CV-5194 (FB) (ST), 2021 WL 4755602, *17 (E.D.N.Y. Sept. 13, 2021) (ordering defense counsel's contact information to be included in the notice with language that putative collective action members should not contact the defense counsel if they wish to join the case). Therefore, the Court orders Defendants' counsel's contact information be added to the proposed notice, with the following, emphasized language: "If you decide to join this case, you should not contact defense counsel, but instead rely on Plaintiffs' counsel or your own counsel to contact defense counsel."  *Hunter*, 2024 WL 686929, at *3.

The Court also finds that the proposed Reminder Notice (Dkt. No. 40-4) shall contain Defendants' view of the case.  *See Aleman-Valvidia*, 2021 WL 4502479, at *9  (ordering

18

modification of proposed reminder notice to contain defendants' view of the case).

**D.    Expedited Discovery Request**

Plaintiffs also request that the Court require Defendants to produce a computer-readable data file containing the names, dates of employment, locations of employment, positions held and the last known addresses, email addresses, social security numbers, and dates of birth for all individuals employed by the Corporate Defendants at any time from September 19, 2017 through the present." Dkt. No. 40, at ¶ 3. Defendants object, *inter alia*, to Plaintiffs' request for social security numbers, birthdates, employment locations, job titles, and compensation rates.

Plaintiffs' request for expedited discovery is granted in part and denied in part.

"Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Lovelace v. Land Appliance Servs., Inc.*, 18-CV-6892 (DLI) (ST), 2020 WL 8921382, at *7 (E.D.N.Y. Jan. 3, 2020) (quoting *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016)), *report and recommendation adopted*, 2020 WL 8921381 (E.D.N.Y. Mar. 31, 2020); *see also Tate v. WJL Equities Corp.*, No. 13-CV-8616, 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014) ("Courts in this Circuit have held that disclosure of employee contact information is relevant and appropriate in connection with conditional collective action certification."). Moreover, the Court does not find the fourteen-day deadline proposed by Plaintiffs to be unreasonable. *See Castillo v. Perfume Worldwide Inc.*, CV 17-2972 (JS) (AKT), 2018 WL 1581975, at *16-17 (E.D.N.Y. Mar. 30, 2018) (requiring defendants to produce contact information of potential opt-ins within fourteen days of order). Finally, courts have required that the contact information of potential FLSA collective members be produced in computer-readable formats whenever possible. *See Mei Rong Du v. Dingxiang*

19

*Inc.*, 19-CV-11924 (JPO)(BCM), 2020 WL 7404984, at *13 (S.D.N.Y. Dec. 17, 2020) (ordering defendants to produce contact information "in [E]xcel, if possible"); *Jacob v. Duane Reade., Inc.*, No. 11-cv-0160 (JPO), 2012 WL 260230, at *10 (S.D.N.Y. Jan. 27, 2012) (granting plaintiffs' request that defendants produce contact information in Microsoft Excel file).

Defendants shall also include job titles and compensation rates for the covered employees produced in the data file. Defendants contend that such information is overbroad. Defendants' Opp., at 13-14. But Defendants have not indicated that production of the requested information would be either "unduly burdensome [or] disruptive" and the Court sees no reason why this would be the case. *Jacob v. Duane Reade, Inc.*, No. 11-CV-0160 (JPO), 2012 WL 260230, at *10 (S.D.N.Y. Jan. 27, 2012) (ordering defendants to provide contact information because such information "would be neither unduly burdensome nor disruptive"). Moreover, the Court notes that such production would aid in "facilitat[ing] the speedy collection of data . . . [and] the opt-in process." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 WL 2362981, at *3 (S.D.N.Y.2010). Therefore, Defendants are directed to produce job titles and compensation rates for the covered employees produced in the computer-readable data file. *See also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) (requiring the Defendants produce, among other data points, "titles" and "compensation rates.").

The Court, however, declines to compel Defendants to produce social security numbers and birthdates. Courts are reluctant to authorize disclosure of private information, such as dates of birth and social security numbers in the first instance and without a showing that the information is necessary for the plaintiff to notify potential opt-ins of the collective action. *See, e.g., Jie Zhang v. Wen Mei, Inc.,* No. 14-CV-1647 (JS) (SIL), 2015 WL 6442545, at *7 (E.D.N.Y. Oct. 23, 2015) (granting the plaintiffs' request for a list of the names, addresses, phone numbers, last known email

addresses, work locations, and dates of employment for potential plaintiffs, but declining request for social security numbers because the plaintiffs "have not established a particularized need" for this information); *Velasquez v. Digital Page, Inc.*, No. 11-CV-3892 (LDW) (AKT), 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014) (directing the defendants to provide the plaintiffs with a list of the names, addresses, telephone numbers, email addresses, and dates of employment for all potential class members, but not their dates of birth and social security numbers); *Brabham v. Mega Tempering & Glass Corp.*, No. 13-CV-54 (JG), 2013 WL 3357722, at *8 (E.D.N.Y. July 3, 2013) ("The purpose of the production of potential opt-in plaintiffs is to enable Plaintiffs to notify them of the collective action . . . The production of names, addresses, phone numbers and email addresses plainly serves that purpose, while birth dates and Social Security numbers are not necessary for Plaintiffs to perform their notification task.") (internal citation omitted); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011) ("In light of the privacy concerns regarding employees' dates of birth and social security numbers, the production of such information is unnecessary at this juncture. If plaintiff is unable to effectuate notice on some potential opt-in plaintiffs with the information that is produced, plaintiff may renew his application for additional information regarding those specific employees.").

Finally, Plaintiffs request that employment locations for each of the covered employees be produced by Defendants.  Dkt. No. 40, at ¶ 3.  It remains unclear what exactly "locations of employment" would cover.  Further, it is also unclear how information about "locations of employment" would help identify and notify an opt-in class at this juncture.  Such discovery does not appear to be proportionate to the needs of the case, at least not at this stage in the litigation.  Therefore, Plaintiffs' request that "locations of employment" be produced by Defendants is denied.

IV.     **Conclusion**

For the reasons set forth above, the Court **grants in part and denies in part** Plaintiffs' motion for conditional certification as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b).  The Court further orders that:

(1) by **April 2, 2024**, Defendants are to produce to Plaintiffs a spreadsheet including the names, dates of employment, positions held, last known addresses, and email addresses for all furniture installers and drivers who were employed by the Corporate Defendants at any time from September 19, 2020 to the present;

(2) the parties shall meet and confer in good faith, and, by **April 9, 2024**, the parties shall file a revised Proposed Notice, Proposed Consent to Join Form, and Proposed Reminder Notice that complies with the directives set forth herein;

(3) by **May 1, 2024**, Plaintiffs or their designated representative shall cause a copy of the Notice and Consent to Join Form to be disseminated to the covered employees by first class mail and email.   The Reminder Notice shall be disseminated to the covered employees by first class mail and email by **June 15, 2024.**

**SO ORDERED.**

Dated:          Brooklyn, New York
                March 19, 2024

                                    _/s/ Joseph A. Marutollo_
                                    JOSEPH A. MARUTOLLO
                                    United States Magistrate Judge